Withers, J.
delivered the opinion of the Court.
The defendants in this case do not occupy a position more responsible than that of a mandatary, or one who enters upon the service of carrying without reward ; and it is well to determine what questions do not arise in the cause in the outset. No question then arises as to the degree of diligence to which the law would hold them, if liable at all. No question is presented as to the power of one of several partners, associated as common carriers for hire, to contract a liability that shall effect the copartnership by means of an assumption, beside the perview of the leading object of the association; for whatever liability has been incurred, has been made to rest upon testimony of what the “ line” (that is the defendants) had been accustomed to do for the plaintiff, in the transportation of his packages of money. No dispute exists as to the responsibility of defendants, in case Barden actually received the package, which is the subject of this action ; for if he did, no account whatever is given of it, and liability would follow of course. Nor is itdeeemed questionable that, according to the doctrine of the common law, a mere agreement to carry without hire, is not binding, for it is without consideration — that is, mere nonfeasance; this is well supported by what is elaborately collected and set forth by Judge Kent, in the case in 4 John. 84.
The only question, then, is whether a mandatary can become liable, as having entered upon the discharge of his undertaking, by the delivery of the article to be entrusted to him, to one who, by a course of dealing, shall be regarded as his agent to receive it; or whether, in every case, it is necessary that the delivery shall be to the mandatary himself, or to one expressly or specifically authorized to receive for him. The same question, in another form, would be, whether an agency, on the part of Lafitte & Co. to receive for the defendants, the package.of money in the present case, to be transported to Savannah, without reward, can be implied, as such agency might be implied in relation to articles which were to be carried for hire.1
1 Starkie, p.82.
The question was submitted to the jury, whether Lafitte & Co. were authorized to receive the package for defendants, and the instruction was, that if so, the receipt of it by them, was equivalent to the receipt of it by Barden and Brooks.
We are able to perceive no good foundation for an objection to this doctrine. To simplify the matter, suppose Bar-den had not been one of the partners, but himself art agent merely — the master of the vessel. The actual receipt by him, of the package, it is conceded would fix the liability of those whom he represented, with whatever grade of liability the law would throw upon a mandatary. If so, how is the principle varied when we hold that the same liability may be grafted on the act of another agent, provided the course of the parties charged testifies that such other agent was duly authorized to receive such packages for transportation?— Whether the principals have received through one agent or another, can possibly involve nothing of legal principle, whether they are to be paid for services or not, but only a question of fact resting on proof only: and so it was ruled below.
A very good illustration of the idea may be found in the case of Williams v. Cranston, which is a case not unlike the present in its distinguishing characteristics.
The motion is refused.
Richardson, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion refused.